**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Kevin Charles Hersh Sr<br>Kristen Elizabeth Hersh<br><div align="right">Debtor(s)</div> | CHAPTER 13 |
| PENNYMAC LOAN SERVICES, LLC<br><div align="right">Movant</div><br>vs. | NO. 23-11336 AMC |
| Kevin Charles Hersh Sr<br>Kristen Elizabeth Hersh<br><div align="right">Debtor(s)</div> | 11 U.S.C. Section 362 |
| Scott F. Waterman<br><div align="right">Trustee</div> | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of June 11, 2024, the post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$14,423.76.** Post-petition funds received after June 11, 2024, will be applied per the terms of this stipulation as outlined here. The arrearage which breaks down as follows;

Post-Petition Payments: February 2024 through May 2024 at $2,842.50/month; June 2024 at $3,083.76/month
Suspense Balance:        ($30.00)
**Total Post-Petition Arrears    $14,423.76**

2. Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on July 2024 and continuing through March 2025, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$3,083.76** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$1,602.64** towards the arrearages on or before the last day of each month at the address below;

<div align="center">PennyMac Loan Services, LLC<br>PO BOX 660929</div>

Dallas, TX 75266-0929

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   June 11, 2024

        **/s/ Denise Carlon, Esquire**
        Denise Carlon, Esquire
        Attorney for Movant

Date: 6/19/2023

        */s/ Michele Perez Capilato*
        Michele Perez Capilato, Esquire
        Attorney for Debtor(s)

Date: 7/8/2024

        /s/ Ann Swartz
        Ann Swartz, Esquire for
        Chapter 13 Trustee

Approved by the Court this  10th  day of  July , 2024.  However, the court retains discretion regarding entry of any further order.

        Bankruptcy Judge
        Ashely M. Chan